USDC IN/ND case 1:19-cv-00091-WCL-SLC document 4 filed 02/06/19 page 1 of 4

35D01-1902-CT-000095
Huntington Superior Court
Filed: 2/6/2019 7:23 PM
Clerk
Huntington County, Indiana

| STATE OF INDIANA | ) | IN THE HUNTINGTON SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF HUNTINGTON | ) | CAUSE NO. |

CARL L. BOWERS, )
)
    Plaintiff, )
)
v. )
)
H & H DISPOSAL, LLC, )
)
    Defendant. )

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant that:

1. The Plaintiff is Carl L. Bowers, an individual who resides in Huntington Indiana. He filed a Charge of Discrimination with the Indiana Civil Rights Commission on or about May 4, 2017, a copy of which is attached hereto, made apart hereof, and incorporated herein as Exhibit A. The Indiana Civil Rights Commission retains jurisdiction of this Charge of Discrimination (No. EMha17050167 TB), but the Charge is attached hereto for the purpose of incorporating the information (facts and circumstances of Plaintiff's claims into this Complaint).

2. Defendant H & H Disposal, LLC is a limited liability company doing business in Huntington Indiana, at 1450 E Tipton Street Ext., P.O. Box 5191, Huntington, IN 46750. Its registered agent is Brenda Kirkpatrick, 1595 W. 800 N., Huntington, IN 46756.

3. Plaintiff suffered a work-related injury while performing his job as driver for the Defendant. As a result of the work-related injury, Plaintiff sought Worker's Compensation Benefits.

4. In retaliation for Plaintiff expressing his need for Worker's Compensation Benefits, Plaintiff was terminated by the Defendant on or about February 6, 2017. This retaliatory

discharge is contrary to the tort laws and public policies of the state of Indiana.

5. Plaintiff seeks backpay, front pay, compensatory damages for emotional distress and mental anguish and other injuries; Plaintiff also seeks punitive damages because the retaliatory termination was intentional and in reckless disregard of Plaintiff's rights to be free from retaliatory discharge after suffering a work-related injury and seeking Worker's Compensation Benefits.

6. Plaintiff contends that he is also entitled to overtime pay under the Fair Labor Standards Act ("FLSA"). Defendant wrongfully categorized Plaintiff as a "salaried" individual when he should have received hourly pay/overtime pay. Plaintiff claims that he is entitled to the earned pay/overtime pay that the Defendant failed to pay him, plus liquidated damages and reasonable attorney's fees and costs, pursuant to the Fair Labor Standards Act ("FLSA").

WHEREFORE, Plaintiff seeks judgment against the Defendant for compensatory damages, punitive damages (where available), pay/overtime pay owed him under the FLSA, liquidated damages (where available), reasonable attorney's fees and costs, cost of the action, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,
**CHRISTOPHER C. MYERS & ASSOCIATES**
 /s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
*Attorney for Plaintiff*

2

IORG CHARGE NO: EMha17050167 TB
EEOC Charge NO: 24E-2035D01-4902-CT-000095
USDC IN/ND case 1:19-cv-00091-WCL-SLC   document 4   filed 02/06/19   page 3 of 4
Filed: 2/6/2019 7:23 PM
Clerk
Huntington Superior Court
Huntington County, Indiana

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Date Received: MAY 04 2017

Agency(ies) Charge No(s):

Indiana Civil Rights Commission and EEOC

*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Mr. Carl L. Bowers
**Home Phone** (Incl. Area Code): (260) 530-6643
**Date of Birth**:

**Street Address**: 1905 Camden Court
**City, State and ZIP Code**: Huntington, IN 46750

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: H & H Disposal LLC
**No. Employees, Members**: 8
**Phone No.** (Include Area Code): (260) 375-2777

**Street Address**: P.O. Box 5191
**City, State and ZIP Code**: Huntington, IN 46750

**DISCRIMINATION BASED ON** (Check appropriate box(es)):
- [ ] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [X] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (specify) ADA

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: May 2015
Latest: Feb. 6, 2017

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant, Carl L. Bowers, alleges that he was discriminated against and discharged on account of his disability (morbid obesity substantially impairing his everyday life activities of walking, sitting and driving), that Respondent H & H Disposal LLC failed to engage in the interactive process and failed to provide Complainant the reasonable accommodation of replacing Complainant's seat which would have provided better support for Complainant's back, but because this reasonable accommodation was denied Complainant's back became worse, causing his back problems to become worse, and the exacerbation of this substantially impairing condition caused reoccurring back issues and further injuries to Complainant's back. Respondent's acts of discriminating against Complainant, refusing to engage in the interactive process, and denying the Complainant reasonable accommodations all combined resulting in Complainant being substantially impaired in his everyday life activity of walking, as well as living in constant pain.

II. Around December of 2016, Complainant went to the emergency room because of his back; Complainant was taken off work for about one week. Complainant's manager/supervisor (Danny Stoffel) told Complainant not to contact Worker's Compensation about his medical problems and that Respondent would really appreciate it if he did not contact Worker's Compensation.

III. Around January of 2017, Complainant against went to the emergency room and this time the physician told him that he was reinjuring everything by going back to work and doing the same thing over again. The doctor told Complainant that he needed more time to let the injury in his back heal. Complainant let Respondent know what the doctor had stated. About January 17, 2017, Complainant's primary care physician put Complainant off work for about two weeks. Complainant went back to work around January 30, 2017 and worked for about twelve hours. This resulted in Complainant being in so much pain that he could barely walk. Complainant advised his supervisor and did not hear back from anyone until February 1, 2017, when Danny Stoffel told Complainant that he would have to take a random drug test, which Complainant took. Complainant

EXHIBIT A

tried to interact with Danny Stoffel about coming back to work, but heard anything until February 3, 2017 when Mr. Stoffel told Complainant that they ... February 6th covered. Mr. Stoffel came to Complainant's home to drop off his check; that is when Stoffel advised Complainant that they were letting him go because of his injury and because they could not wait around for Complainant to get better.

IV. Complainant had emergency room visits of July 6, 2016, August 10, 2016, August 15, 2016, August 20, 2016, December 5, 2016, and January 12, 2017. Additionally, Complainant had doctor visits of July 7, 2016, August 14, 2016, August 24, 2016, September 7, 2016, January 17, 2017, and March 7, 2017. Complainant's MRI was performed on September 1, 2016. Complainant advised Respondent of all of his medical visits and appointments (at least up to the time that he was terminated).

V. Under the American's with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA", as amended), and the Indiana laws prohibiting Disability Discrimination. Complainant contends that he was a qualified individual with a disability, that he was discriminated against on account of his disability, or that he was discriminated against because Respondent preserved and regarded Complainant as being disabled and/or discriminated against Complainant because of his record of impairment. Furthermore, Complainant alleges that Respondent failed to engage in the interactive process in good faith and denied Complainant the reasonable accommodation of getting an appropriate seat that would help support the Complainant (Respondent was going to make Complainant purchase a very expensive seat, but Complainant had no way to pay for it). In the end, Respondent provided Complainant a self-rigged cushion with a four-inch piece of foam and a piece of leather pouch to put over the foam, this "seat" provided very little support and only lasted about two months, but nothing was done to actually replace the seat with a "real" supporting truck seat until after the damage had been done.

VI. As a result of Respondent's intentional discrimination and retaliatory discharge of the Complainant, Complainant lost his job and job related benefits, including income, vacation pay, and other privileges and benefits of employment. Additionally, Complainant suffered emotional distress, mental anguish, humiliation, embarrassment, inconvenience, financial distress, and other damages and injuries.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 5-3-2017

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

05.03.2017

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024